IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**JOSE MONDRAGON, Individually and**                           **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                                    1:19-cv-2847

**OUTSIDE DREAMS, LLC, and JOSE PEREZ**                    **DEFENDANTS**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COMES NOW Plaintiff Jose Mondragon ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants Outside Dreams, LLC, and Jose Perez (collectively "Defendants"), he does hereby state and allege as follows:

### I.        JURISDICTION AND VENUE

1.        Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees, as a result of Defendants' policy and practice of failing to pay Plaintiff and all others similarly situated a lawful minimum wage and overtime wages as required by the FLSA within the applicable statutory limitations period.

2.        The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Defendants conduct business within the State of Colorado, with their principal place of business in Aurora.

4.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Colorado has personal jurisdiction over Defendants and Defendants therefore "reside" in Colorado.

5.      Plaintiff was employed by Defendants to provide lawn care services for Defendants' business in Aurora. Therefore, the acts alleged in this Complaint had their principal effect within the District of Colorado, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.      THE PARTIES

6.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

7.      Plaintiff is a citizen and resident of Adams County.

8.      Plaintiff was employed by Defendants during the period relevant to this lawsuit.

9.      At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

10.     Defendant Outside Dreams, LLC, is a domestic, limited liability company.

11.     Defendant Outside Dreams, LLC, has a principal place of business at 900 Nepal Street, Aurora, Colorado 80018.

12.     Defendant Outside Dreams, LLC's registered agent for service of process is Amy Michelle Kruse, 22456 East Lehigh Place, Aurora, Colorado 80018.

13.    Defendant Outside Dreams, LLC, does business as Outside Dreams Landscape Design.

14.    Defendant Jose Perez is an individual and resident of Colorado.

15.    Defendant Jose Perez is a principal, director, and/or officer of Outside Dreams, LLC.

16.    Defendants were responsible for the creation and maintenance of the pay policies applicable to Plaintiff; had the power to supervise, hire, fire, and discipline Plaintiff; and had the power to set the schedule and conditions of Plaintiff's work.

17.    Defendant Jose Perez manages and controls the day-to-day operations of Outside Dreams, LLC, including but not limited to the decision to not pay Plaintiff for all hours worked and to not pay Plaintiff an extra premium for hours worked in excess of forty per week.

18.    Defendants are joint employers within the meaning of the FLSA.

19.    At all relevant times, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as landscaping equipment and materials, credit cards, and other forms of payment.

20.    Defendants' annual gross volume of sales made or business done was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

### III.    FACTUAL ALLEGATIONS

21.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

22.    Plaintiff worked for Defendants as a landscaper from approximately June of 2009 until November of 2018.

23.    Plaintiff did not financially invest in Defendants' entities, nor share in the profits or losses.

24.    Plaintiff did not have any control over his work environment.

25.    Plaintiff was not permitted to work for other companies as a landscaper.

26.    Plaintiff provided only his vehicle to drive to customers' locations, and Defendants provided most, if not all, other tools needed to perform the job assigned to him.

27.    Throughout Plaintiff's employment, Defendants classified landscapers as non-exempt and paid them an hourly rate.

28.    Landscapers regularly worked more than forty (40) hours in a single workweek.

29.    At all relevant times herein, Defendants failed to accurately record all of the time worked by its landscapers.

30.    It was Defendants' practice to not pay landscapers for some or all hours worked in excess of forty (40) per workweek.

31.    It was Defendants' practice to not pay landscapers one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

32.     Plaintiff never received one and one-half times his regular payrate for any hours in excess of forty (40) hours per workweek.

33.     As a result of this policy, Defendants failed to pay landscapers a lawful minimum wage for all hours worked and a proper overtime premium for all of the hours worked in excess of forty (40) hours in a week.

34.     At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA.

35.     Defendants knew or should have known that the job duties of its landscapers required them to work hours in excess forty (40) per work week and in excess of their recorded hours, yet Defendants failed and refused to compensate landscapers for all hours worked as required by the FLSA.

## IV.    REPRESENTATIVE ACTION ALLEGATIONS

36.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated hourly employees who worked for Defendants as landscapers at any time during the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked in excess of forty;

B.     Liquidated damages; and

C.     The costs of this action, including attorney's fees.

38.    Plaintiff is unable to state the exact number of the potential members of the FLSA collective but believes that the group exceeds twenty (20) persons. Defendants can readily identify the members of the FLSA collective who are a certain portion of the current and former employees of Defendants.

39.    Plaintiff unable to state the exact number of the class, but believes there are more than twenty (20) other employees who worked for Defendants as landscapers within the relevant time period.

40.    The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

41.    Plaintiff proposes the following class under the FLSA:

**All landscapers who worked more than forty (40) hours in any week within the last three years.**

42.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

43.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

44.    The proposed FLSA class members are similarly situated in that they share these traits:

A.    They were not paid proper overtime wages as required by the FLSA;

B.   They worked more than forty (40) hours in some or all weeks;

C.   Defendant failed to account for all their hours worked; and

D.   They had substantially similar job duties, requirements, and pay provisions.

## V.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

45.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

46.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

47.   At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

48.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

49.   At all times relevant to this Complaint, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

50.   Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff a lawful minimum wage for all hours worked and an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

51.     Defendants' conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary, and in bad faith.

52.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

53.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

54.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

55.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56.     At all times relevant to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA.

57.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58.    At all times relevant to this Complaint, Defendants classified Plaintiff and all others similarly situated as non-exempt from the overtime requirements of the FLSA.

59.    Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

60.    Defendants' failure to pay Plaintiff and others similarly situated a proper overtime wage was willful, intentional, unreasonable, arbitrary, and in bad faith.

61.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

62.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and those similarly situated as provided by the FLSA, Plaintiff and those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jose Mondragon respectfully prays for declaratory relief and damages as follows:

A.    That each Defendant be summoned to appear and answer herein;

B.    For orders regarding certification of and notice to the proposed collective action class members;

C.      That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and the proposed collective, and all monies paid to them;

D.      A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E.      Judgment for actual damages for all unpaid minimum wage and overtime compensation under the FLSA and attendant regulations;

F.      Judgment for liquidated damages as provided for under the FLSA;

G.      An order directing Defendants to pay Plaintiff and those similarly situated prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JOSE MONDRAGON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Colo. Bar No. 44358
josh@sanfordlawfirm.com